IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DAVID CAPLAN,

    Plaintiff,

  v.

CNA SHORT TERM DISABILITY PLAN; CNA LONG TERM DISABILITY PLAN; and HARTFORD LIFE GROUP INSURANCE COMPANY,

    Defendants.
                           /

No. C06-05865 CW

ORDER DENYING DEFENDANT HARTFORD'S MOTION TO DISMISS PLAINTIFF'S SECOND CLAIM FOR EQUITABLE RELIEF

Defendant Hartford Life Group Insurance Company (Hartford) moves pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss the second claim in Plaintiff's first amended complaint.[1]  Plaintiff's second claim is for injunctive or other equitable relief against Defendant Hartford pursuant to 29 U.S.C. § 1132(a)(3).  Plaintiff opposes the motion.  The matter was decided on the papers.  Having considered all of the papers filed by the parties on the motion, the Court DENIES the motion to dismiss.

---

[1] Because the other Defendants are not sued by Plaintiff in his second cause of action, they are not parties to this motion.

BACKGROUND

Plaintiff David Caplan alleges that he was a participant in both the CNA Short Term Disability (STD) Plan and the CNA Long Term Disability (LTD) Plan (the Plans) which offered benefits to employees of CNA, including Plaintiff.  The Plans provided benefits through an insurance policy issued by Continental Assurance Company which was administered by Hartford.

Plaintiff alleges that he filed for short-term disability benefits and Hartford denied his claim.  He alleges that his attorney requested review of Hartford's decision and submitted a claim for long-term disability benefits.

Plaintiff alleges that Hartford informed him that it would refer his request for review to University Disability Consortium (UDC) for a comprehensive medical review of his claim.  He alleges that UDC has a financial conflict of interest because it relies heavily on Hartford for financial gain and therefore was not a neutral evaluator of his claim.  Plaintiff alleges that he requested that Hartford obtain a medical review from a more neutral party, but that Hartford stayed with UDC which upheld its decision to deny Plaintiff's claim for short-term disability benefits, and therefore also denied his claim for long-term disability benefits.

Plaintiff brings two causes of action under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §§ 1001-1461.  In the first cause of action against the Plans, Plaintiff seeks recovery of his plan benefits under 29 U.S.C. § 1132(a)(1)(B).  Plaintiff prays that the Court grant the following relief as to his first cause of action:

> A. Declare that Defendant STD Plan violated the terms of the STD Plan by denying Mr. Caplan's claims for short-term disability benefits;
> B. Order Defendant STD Plan to pay short-term disability benefits to Plaintiff pursuant to the terms of the STD Plan from March 7, 2005, through August 28, 2005, together with prejudgment interest on each and every such monthly payment through the date judgment is entered herein;
> C. Declare that Defendant LTD Plan violated the terms of the LTD Plan by denying Mr. Caplan's claims for long-term disability benefits;
> D. Order Defendant LTD Plan to pay long-term disability benefits to Plaintiff pursuant to the terms of the LTD Plan from August 29, 2005, through the date judgment is entered herein, together with prejudgment interest on each and every such monthly payment through the date judgment is entered herein;
> E. Declare Plaintiff's right to continuing medical, dental and vision benefits pursuant to the terms of the Plans from March 7, 2005, through the date judgment is entered herein;
> F. Declare Plaintiff's right to receive future long-term disability benefit payments under the terms of the LTD Plan;
> G. Declare Plaintiff's right to receive future medical, dental and vision benefits under the terms of the Plans;
> H. Award Plaintiff reasonable attorneys' fees and costs of suit incurred herein pursuant to ERISA § 502(g), 29 U.S.C. § 1132(g);
> I. Provide such other relief as the Court deems equitable and just.

In the second cause of action against Hartford, Plaintiff seeks injunctive or other equitable relief under 29 U.S.C. § 1132(a)(3). Plaintiff alleges that Hartford's reliance on UDC as a medical records reviewer constituted a failure to provide a full and fair review of the denial of his claim, and a breach of the ERISA-imposed fiduciary duty. Plaintiff prays that the Court grant the following relief as to his second cause of action:

> A. Declare that Defendant Hartford's use of UDC as medical records reviewer constituted a breach of fiduciary duty to the Plans and to Mr. Caplan;
> B. Enjoin Defendant Hartford from utilizing UDC as a medical record reviewer for a period of five years;
> C. Remove Defendant Hartford as Plan Fiduciary of the

3

1  Plans for a period of five years;
   D. Appoint an Independent Fiduciary as Plan Fiduciary of
2  the Plans to replace Defendant Hartford for a period of
   five years;
3  E. Award Plaintiff reasonable attorneys' fees and costs
   of suit incurred herein pursuant to ERISA § 502(g), 29
4  U.S.C. § 1132(g);
   F. Provide such other relief as the Court deems equitable
5  and just.

## LEGAL STANDARD

A motion to dismiss for failure to state a claim will be denied unless it is "clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Falkowski v. Imation Corp., 309 F.3d 1123, 1132 (9th Cir. 2002) (citing Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002)). All material allegations in the complaint will be taken as true and construed in the light most favorable to the claimant. NL Indus., Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986). Furthermore, a motion to dismiss will not be granted merely because a plaintiff requests a remedy to which he is not entitled. Massey v. Banning Unified Sch. Dist., 256 F. Supp. 2d 1090, 1092 (C.D. Cal. 2003).

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). "Each averment of a pleading shall be simple, concise, and direct. No technical forms of pleading or motions are required." Fed. R. Civ. P. 8(e). These rules "do not require a claimant to set out in detail the facts upon which he bases his claim. To the contrary, all the Rules require is 'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds on which it

4

1  rests." Conley v. Gibson, 355 U.S. 41, 47 (1957).

2                              DISCUSSION

3       Hartford argues that Plaintiff cannot maintain his claim for
4  relief under 29 U.S.C. § 1132(a)(3) as a matter of law on the
5  ground that Plaintiff has adequate relief under 29 U.S.C.
6  § 1132(a)(1)(B).  Hartford further argues that 29 U.S.C.
7  § 1132(a)(3) does not provide for the equitable relief sought by
8  Plaintiff.

9  I.   Claims Under 29 U.S.C. § 1132(a)
10      Under 29 U.S.C. § 1132(a),

>    a plan participant or beneficiary may sue to recover
>    benefits due under the plan, to enforce the participant's
>    rights under the plan, or to clarify rights to future
>    benefits.  Relief may take the form of accrued benefits
>    due, a declaratory judgment on entitlement to benefits,
>    or an injunction against a plan administrator's improper
>    refusal to pay benefits.

Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 53 (1987).

     Title 29 U.S.C. § 1132(a)(1)(B) provides: "A civil action may
be brought - (1) by a participant or beneficiary - . . . (B) to
recover benefits due to him under the terms of his plan, to enforce
his rights under the terms of the plan, or to clarify his rights to
future benefits under the terms of the plan."  Title 29 U.S.C.
§ 1132(a)(1)(B) provides for relief only for the loss of past and
future benefits.  See Mass. Mut. Life Ins. Co. v. Russell, 473 U.S.
134, 144 (1985). Section 1132(a)(1)(B) "says nothing about the
recovery of extracontractual damages."  Id.  However, in addition
to the recovery of benefits, the statute also allows the plan
participant to bring a civil action "to enforce his rights under
the terms of the plan," without reference to whether the relief

5

sought is legal or equitable.  <u>Great-West Life & Annuity Ins. Co. v. Knudson</u>, 534 U.S. 204, 221 (2002).

Law suits under 29 U.S.C. § 1132(a)(1)(B) can be brought against the plan as an entity and against the plan's administrators.  <u>Ford v. MCI Communs. Corp. Health & Welfare Plan</u>, 399 F.3d 1076, 1081 (9th Cir. 2005).  However, a claimant may not sue the plan's insurer for additional plan benefits.  <u>Id.</u>

Title 29 U.S.C. § 1132(a)(3) provides:

> A civil action may be brought - . . . (3) by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this title or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this title or the terms of the plan.

In <u>Varity Corp. v. Howe</u>, 516 U.S. 489, 515 (1996), the Supreme Court held that 29 U.S.C. § 1132(a)(3) authorizes ERISA beneficiaries to bring lawsuits for "'appropriate' equitable relief" for breach of fiduciary obligations, where ERISA does not "elsewhere provide[] adequate relief for a beneficiary's injury." It is expected "that courts, in fashioning 'appropriate' equitable relief, will keep in mind the special nature and purpose of employee benefit plans, and will respect the policy choices reflected in the inclusion of certain remedies and the exclusion of others."  <u>Id.</u> (citations and quotations omitted).  Thus, it is expected "that where Congress elsewhere provided adequate relief for a beneficiary's injury, there will likely be no need for further equitable relief, in which case such relief normally would not be 'appropriate.'"  <u>Id.</u>

Section 1132(a)(3) is "a 'catchall' provision, which provides

6

relief only for injuries that are not otherwise adequately provided for." Forsythe v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997) (citing Varity Corp., 516 U.S. at 512). The Ninth Circuit interpreted Varity Corp. to mean that equitable relief is not appropriate where another subsection of section 1132(a) provides an adequate remedy. Forsythe, 114 F.3d at 1475.

II. Adequate Remedy Under 29 U.S.C. § 1132(a)

Plaintiff's claim for breach of fiduciary duty under 29 U.S.C. § 1132(a)(3) stems from Hartford's use of UDC as a claim reviewer when UDC had an alleged conflict of interest. Hartford argues that Plaintiff cannot maintain his claim for relief under 29 U.S.C. § 1132(a)(3) as a matter of law because Plaintiff cannot state an actionable claim under section 1132(a)(3) if he has an adequate remedy for his injuries under section 1132(a)(1)(B).

In Varity, 516 U.S. at 511, the Supreme Court stated that the "discretionary determination about whether a claimant is entitled to benefits under the terms of the plan documents" constitutes a "fiduciary act." Plaintiff alleges that Hartford denied him benefits under the Plans due to UDC's allegedly biased review of his medical records. Therefore, Plaintiff has alleged facts sufficient to state a claim for a breach of fiduciary duty against Hartford.

As noted above, Varity Corp., 516 U.S. at 515, held that section 1132(a)(3) claims are permitted where the statute does not "elsewhere provide[] adequate relief for a beneficiary's injury." Plaintiff has alleged a cognizable claim for benefits under section 1132(a)(1)(B), and if he prevails, he may recover past plan

7

benefits and equitable relief that will enable him to enforce his rights under the Plans. <u>Great-West Life & Annuity Ins. Co.</u>, 534 U.S. at 221. Therefore, Hartford is correct that Plaintiff's section 1132(a)(3) claim must be dismissed to the extent it is duplicative of the section 1132(a)(1)(B) claim.

However, the equitable relief Plaintiff seeks under section 1132(a)(3), including a declaration that Hartford's use of UDC as a medical records reviewer constituted a breath of fiduciary duty to him and to the Plans, may be different than the relief available under section 1132(a)(1)(B), and such relief might not be available to Plaintiff under the section 1132(a)(1)(B) claim alone.

The Court concludes, therefore, that it would be premature to dismiss Plaintiff's claim under section 1132(a)(3) on the basis that relief is available under section 1132(a)(1)(B).

### III. Removal Of Hartford As Claims Administrator And UDC As Medical Records Reviewer

Hartford also argues that 29 U.S.C. § 1132(a)(3) does not provide for the equitable relief sought by Plaintiff because the removal of Hartford as the claims administrator and UDC as the medical reviewer is not available to Plaintiff as a remedy. Hartford cites <u>Beck v. Levering</u>, 947 F.2d 639 (2nd Cir. 1991) for the proposition that drastic relief, such as that sought by Plaintiff, has only been found appropriate in ERISA pension cases where plan fiduciaries have stolen plan assets or engaged in egregious self-dealing.

Citing <u>Donovan v. Mazzola</u>, 716 F.2d 1226, 1235 (9th Circuit 1983), Plaintiff argues that the court has broad discretion to

8

fashion appropriate relief for the breaches he has alleged. Furthermore, Plaintiff argues that 29 U.S.C. § 1132(a)(3) does provide for the relief sought.

At this early date in the case, the Court will not address the issue of what equitable relief under 29 U.S.C. § 1132(a)(3) would be appropriate.

## CONCLUSION

For the foregoing reasons, Hartford's motion to dismiss Plaintiff's second claim for equitable relief under 29 U.S.C. § 1132(a)(3) pursuant to Fed. R. Civ. P. 12(b)(6) is DENIED.

IT IS SO ORDERED.

Dated: 3/1/07

CLAUDIA WILKEN
United States District Judge