UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID CAPLAN, | Case No. C-06-05865 CW (JCS) |
| Plaintiff(s), | |
| v. | **ORDER GRANTING IN PART AND DENYING IN PART ADMINISTRATIVE MOTIONS TO SEAL DOCUMENTS** |
| CNA FINANCIAL CORPORATION, ET AL., | [Docket Nos. 133, 139, 145] |
| Defendant(s). | |

Defendants filed an administrative motion to file certain documents under seal (Docket No. 133). Plaintiff filed an administrative motion to file under seal Exhibits 3, 36, 37, and 41 to the Hasselman Declaration (Docket No. 139). These two applications will collectively be referred to as the "Motion." Defendants a requested a hearing on the Motion (Docket No. 145). That request was granted, and the motion came on for hearing before the undersigned on February 8, 2008, at 10:30 a.m. Margaret E. Hasselman appeared for Plaintiff; Dennis Rolstad appeared for Defendants. Good cause appearing, and for the reasons stated on the record, IT IS HEREBY ORDERED as follows:

**I.    BACKGROUND**

Defendants seek to file under seal number of documents.

First, they seek to file under seal Exhibits 3, 36, 37, and 41 to the Declaration of Margaret E. Hasselman in Support of Plaintiff's Fed. R. Civ. P. 52 Motion for Judgment. Exhibit 3 is a compilation of summaries of the conclusions of Dr. Mahawar regarding insureds other than the Plaintiff whom he examined on behalf of Defendants. Exhibit 36 is a copy of a contract between Defendant Hartford Life Group Insurance Company ("Hartford") and University Disability

Consortium ("UDC") for the provision of independent medical consultant services. Exhibit 37 is an answer by Hartford to interrogatories. In summary, these interrogatory answers provide the number of claims by year on which various vendors, including UDC, were retained, the number of medical reviews provided, the number of new claims made, and the number of denied or terminated claims. These interrogatory answers also provide annual dollar totals paid by Hartford to UDC for its services. Finally these interrogatory responses indicate the total number of evaluations provided by Dr. Mahawar. Exhibit 41 is also a response to interrogatories that contains information similar to the information provided in response to the previous exhibit.

In addition, Defendants seek to file under seal the Declaration of Dennis G. Rolstad and information contained in Defendants' Memorandum of Points and Authorities in Support of their Opposition and Cross-motion to Plaintiff's Motion for Judgment (the "Memorandum"). This information is similar to, and largely derived from, the information contained in Exhibits 3, 37 and 41, previously described.

In support of their request for sealing, Defendants rely on the Declaration of Nancy G. Aker. Ms. Aker opines that the "information and documents provided in and pursuant to the supplemental responses [to interrogatories and request for production of documents] is privileged and confidential information . . . [the disclosure of which] would harm Hartford's competitive advantage in the insurance industry." The Declaration further describes that this confidential information is closely protected by Hartford and others in the industry and would put Hartford at a "competitive disadvantage" if it were disclosed. The Aker Declaration does not contain any details describing why disclosure of any particular information contained in the documents would cause damage to Hartford.[1]

---

[1] Defendants also purport to rely on the Declaration of Dennis G. Rolstad in their effort to seal the matters at issue in the motion (Docket No. 143). However, Mr. Rolstad largely summarizes the information contained in the exhibits and in the Aker Declaration, and has no personal knowledge of the impact disclosure of these matters might have on Hartford.

2

## II. APPLICABLE LEGAL STANDARD

The Motion has been made in connection with the filing of a dispositive motion. Accordingly, a higher standard must be met by Defendants in order to justify the sealing of these documents. In this circuit, documents may not be filed under seal in connection with a dispositive motion unless there is a "compelling reason." *Pintos v. Pac Creditors Ass'n*, 504 F3d 792, 801-03 (9th Cir. 2007).

## III. ANALYSIS

The statements contained in the Aker declaration are conclusory and do not meet the requirement of demonstrating a compelling interest. Those statements do not identify any particular piece of information contained in the documents sought to be sealed and demonstrate why such information, if disclosed, would cause harm to Defendants. Nonetheless, even with these conclusory statements, the Court has reviewed each of the documents and reached the following conclusions.

With regard to Exhibit 3, the Court concludes that it should not be sealed. Exhibit 3 contains summaries of conclusions reached by Dr. Mahawar regarding various insureds. It does not contain any identifying information regarding those insureds. For example, it does not contain any of their names, Social Security numbers or addresses. The only way one could match up the descriptions contained in Exhibit 3 to a particular insured is if one already knew the details of the file.

Exhibit 36 presents a different issue. This exhibit is the contract between Hartford and UDC. It contains detailed information concerning the financial relationship between Hartford and UDC, including specific dollar rates for services. The Court concludes that Exhibit 36 should be sealed because the damage that would be done to Hartford's competitive interest by disclosure presents a compelling interest.

Exhibits 37 and 41 consist largely of summaries of statistical information about the number of claims received by Hartford and reviewed by its contractors, including UDC. It also contains summaries of the number of claims submitted to Dr. Mahawar. This information is just the sort of statistical summary information that need not be sealed, because its disclosure, without a more detailed showing, does not jeopardize any compelling interest of the parties. On the other hand, to the extent that these exhibits make specific references to dollar amounts paid for services, disclosure

of these amounts may permit a competitor to determine the rates charged by Hartford and its contractors for services. As such, Hartford has a compelling interest in sealing these dollar amounts. Accordingly, all dollar amounts referenced in Exhibits 37 and 41 should be redacted.

The Court has also reviewed the Memorandum and the Rolstad Declaration. These documents largely contains summaries of information contained in Exhibits 37 and 41. However, to the extent that they contain any specific listing of dollar amounts paid for services, those dollar amounts should be redacted in the public file.

## IV. CONCLUSION

For all of the foregoing reasons, the Motion is GRANTED IN PART and DENIED IN PART. Defendants are directed to prepare redacted versions of Exhibits 37 and 41 and of the Rolstad Declaration and the Memorandum to the extent that this Order permits redaction. Those redacted versions should be filed in the public file. Exhibit 36 shall be sealed in its entirety. Except to this limited extent, the Motion is DENIED. Compliance with this Order is stayed for three days, until February 15, 2008, to allow any party to seek a further stay from the district court.

IT IS SO ORDERED.

Dated: February 12, 2008

JOSEPH C. SPERO
United States Magistrate Judge